### NEW JERSEY PATENT CO. et al. v. MARTIN et al.

#### (Circuit Court, N. D. Iowa, C. D. February 4, 1909.)

#### No. 171.

COURTS (§ 290*)—FEDERAL COURTS—JURISDICTION—PATENT INFRINGEMENT.

A bill charging that, after termination of a contract between complainants and defendants for the sale of complainants' patented devices, defendants obtained large numbers of such devices from sources to complainants unknown and sold the same within the district, without right or authority, alleged an infringement of complainants' patents after the termination of the contract, and was sufficient to confer federal jurisdiction, regardless of the amount involved.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 290.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

Suit by the New Jersey Patent Company and others against E. H. Martin and others for patent infringement. Demurrer to amended bill. Overruled.

See, also, 166 Fed. 1010.

Frank L. Dyer and Kelleher & O'Conner, for complainants.
Wesley Martin, for defendants.

REED, District Judge. The demurrer is for want of equity in the bill, and also challenges the jurisdiction of this court upon the ground that the bill is founded upon an alleged breach by the defendants of the contract entered into by them with the complainants for the sale of their phonograph records, and that the amount of damages sustained by complainants because of such breach is not stated or shown. But the original bill, as well as the amendment thereto, alleges that after the contract between complainants and defendants had been terminated the defendants obtained from some source unknown to complainants large numbers of defendants' patented devices, and sold them in this district without right or authority from the complainants, or any of their authorized agents, and in infringement of their patent. This shows an infringement by defendants of complainants' letters patent after the termination of the contract, and is sufficient to confer upon this court jurisdiction of the suit, under the patent laws of the United States, to enjoin such infringement and for an accounting, regardless of the amount involved.

Whether or not a sale by defendants of the patented articles which they procured under the contract with complainants, but sold in violation of its terms, would at once terminate the contract, and at the same time be an infringement of complainants' patent, as maintained by complainants and denied by defendants in argument, need not now be determined, for the bill and amendment plainly allege that after the contract had been terminated, and defendants no longer had any rights thereunder, they procured the patented articles from some unauthorized source, and sold them in this district in violation of complainants' rights and in infringement of the letters patent.

The demurrer is therefore overruled, and defendants may answer the bill as amended by the March rules, if they shall so elect. It is ordered accordingly.